*Compute of Law*
*Law Library*

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,

    v.

GREGORIO CONCEPCION BORJA,

            Defendant.

Criminal Case no. CM1297-11

**DECISION AND ORDER**
re: Motion to Dismiss

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on April 11, 2012. The People were represented by Assistant Attorney General James C. Collins. The Defendant was represented by Assistant Public Defender Maria G. Fitzpatrick. After considering the matter presented, the Court now issues the following decision and order denying the Defendant's motion to dismiss because the People have shown good cause for the delay in the arraignment of the Defendant.

## BACKGROUND

On December 28, 2011, a complaint was filed which charged the Defendant with four (4) counts of Assault (As a Misdemeanor). On March 26, 2012, Defendant filed a motion to dismiss the complaint arguing that he was not promptly arraigned.

## DISCUSSION

Under Guam law, a "defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15." 8 GCA § 60.10(a). Furthermore, the Supreme Court of Guam held, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned

within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("*Rasauo II*"). The Court also held that the "standard continues to require a case by case analysis of whether or not the "specific circumstances" of any given case show good cause for delay beyond the 60-day period normally required to comply with the law." *Id.*

Defendant argues the complaint should be dismissed because the Defendant was arraigned approximately seventy-seven (77) days after the complaint was filed. Defendant also argues there is no showing of "good cause" for the delay in the arraignment. On the other hand, the People argue there was "good cause" for the delay for the following reasons: (1) the People retain no control over the Court's decision about when to calendar the date of Defendant's return to Court; and (2) the Defendant needed to consult with his attorney.

The complaint in this case was filed December 28, 2011; a Summons was filed January 4, 2012. The Summons required the Defendant to appear for his initial arraignment on February 15, 2012. The Defendant appeared on that date, but the hearing was continued until March 14, 2012. The delay from the time the complaint was filed and the date of arraignment was approximately seventy-seven (77) days. The Court notes however the initial arraignment date was within the 60-day requirement established by *Rasauo II* and the Defendant implicitly waived his right to a prompt arraignment.

Prior to *Rasauo II* there was not a statutory provision for arraignment that provided an express time limit on when the Defendant must be promptly arraigned after a complaint was filed. The Supreme Court of Guam however set a 60-day limit and essentially mirrored the statutory speedy trial time period of forty-five to sixty (45-60) days. 2011 Guam 14 ¶ 13. The Court finds similar to applying the time speedy time period to calculate prompt arraignment, it

is not unreasonable to apply the same rule used for waiving a speedy trial with waiving a later arraignment date.

The Supreme Court in *Quinata v. Superior Court of Guam* adopted the rule, "a defendant's consent to a postponement may be implied by the failure of defense counsel *or defendant* to object at the time the trial is postponed outside the statutory period." 2010 Guam 8 ¶ 30. (emphasis added). In *Quinata*, the Defendant was arraigned and asserted his right to a speedy trial. However, during a later bail hearing[1],for which the Defendant was present, the Court advised the parties it would postpone the matter at a later date, beyond the statutory period. 2010 Guam 8 ¶ 12 – 13. The Court ruled, "When the court notified the defense counsel *in [the Defendant's] presence...* his pretrial conference would be postponed... and the defense counsel failed to object to the postponement, [the Defendant] was deemed to have consented to the postponement. 2010 Guam 8 ¶ 30. (emphasis added). Similarly in this case, the Defendant was present during his initial arraignment, February 15, 2012, and the Court notified him of the later arraignment date, March 14, 2012, which was beyond the statutory period. The Defendant however failed to assert to be promptly arraigned. Thus, the Court finds he consented to the later court date; therefore, waiving his right to a speedy arraignment.

Furthermore, the denial of opportunity to consult with counsel on any material step after indictment or similar charge violates the Fourteenth Amendment. *Hawk v. Olson*, 326 U.S. 271, 278 (1945). Also, the accused in a case requires the guiding hand of counsel at every step in the proceedings against him. *Hamilton v. State of Ala.*, 368 U.S. 52, 54 (1961). Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. *Id.* In this case, the Defendant needed time to consult with his attorney

---

[1] The date of this hearing was three (3) days prior to the speedy trial deadline. *See,* 2010 Guam 8¶ 12.

before he could be formally arraigned. The Court finds this to be "good cause" for the delay in the arraignment of the Defendant because he needed an opportunity to consult with counsel.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant waived his right to a speedy arraignment and that the People have shown good cause for the delay of the Defendant's arraignment. Thus, the motion to dismiss is DENIED.

Further Proceedings shall be held on _July 13, 2012_ at _9:10 a.m._

SO ORDERED, this _29_ day of _June_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 29 2012

Evelyn R. Borja
Deputy Clerk, Superior Court of Guam